UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CRAIG A. YOUNG, et al.,

    Plaintiffs,

    v.

BANK OF AMERICA, N.A.,

    Defendant.
_____/

No. C 12-5514 PJH

**ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STAY**

    Defendant's motion to dismiss or, in the alternative, to stay came on for hearing before this court on March 6, 2013. Plaintiffs Craig Young and Michelle Ezell-Young ("plaintiffs") appeared through their counsel, Jason Buckingham and L. Timothy Fisher. Defendant Bank of America, N.A. appeared through its counsel, David Reidy. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES defendant's motion to dismiss and GRANTS defendant's motion to stay, for the reasons stated at the hearing, and summarized as follows.

    Defendant moves to dismiss, or stay, based on the first-to-file rule, which "permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982). Defendant points to five earlier-filed class action cases, which have gone through coordinated mediation, and argues that this case should at least be stayed pending a disposition on the tentative class settlement in those cases. A preliminary approval hearing is scheduled for May 17, 2013 before Judge Davila in the Northern District of California.

Plaintiffs argue that this case is not sufficiently similar to those five cases such that the first-to-file rule should be triggered. Specifically, they emphasize that they have no ongoing business relationship with defendant Bank of America, unlike the plaintiffs in the earlier-filed cases. They also emphasize that their complaint asserts claims under California's Rosenthal Act, while the other cases involve only claims under the federal Telephone Consumer Protection Act ("TCPA").

While plaintiffs are correct about these points of distinction, the fact remains that plaintiffs will be included in the putative settlement class, because the plaintiffs in those cases defined the putative class broadly. While a global class definition has not yet been finalized, the class definitions in the individual cases make clear that plaintiffs (along with most, if not all of the putative class members in the present case) would be included. For instance, two of the cases define the putative class as "all persons within the United States who received a non-emergency telephone call from defendant/defendants to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls . . ." See Dkt. 19-1, Ex. A (complaint in Duke v. Bank of America); Ex. I (complaint in Ramirez v. Bank of America). As the class definitions make clear, the existence of an ongoing business relationship is not required for membership in the putative settlement class. Indeed, the Youngs do not appear to dispute their inclusion in the putative settlement class, they merely seek to preserve the right to pursue their own resolution of their TCPA and Rosenthal Act claims.

While the Youngs (and other putative class members) may opt out of the proposed settlement, preserving their rights under both the TCPA and the Rosenthal Act, many members of the putative class may not choose to opt out, and will have all of their claims extinguished by the settlement. Thus, it would be inefficient to allow the present case to go forward, while knowing that many of the putative class members will have their claims extinguished by the settlement (if approved) in the earlier-filed cases. Accordingly, the

2

court STAYS the present action pending the outcome of the proposed settlement in <u>Duke</u>, <u>Ramirez</u>, and the other cases involved in the mediated settlement.  As noted above, the parties are scheduled to appear at a preliminary approval hearing on May 17, 2013.  Within 7 days of that hearing, the parties shall submit a status report regarding the result and the setting of any final settlement approval hearing.

**IT IS SO ORDERED.**

Dated: March 7, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge